# In the United States District Court
# for the Southern District of Georgia
# Statesboro Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | CASE NO.: 6:10-cr-001-2 |
| | * | |
| v. | * | |
| | * | |
| KEVIN LAMONT GOURDINE, | * | |
| | * | |
| Defendant, | * | |

## ORDER

Presently before the Court is Kevin Lamont Gourdine's ("Gourdine") Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), as modified by the First Step Act of 2018. Dkt. No. 404. For the reasons set forth below, Gourdine's motion is **DISMISSED**.

## BACKGROUND

Gourdine pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. Dkt. Nos. 106, 155. The Honorable B. Avant Edenfield sentenced Gourdine to 225 months' imprisonment with the Bureau of Prisons. Dkt. No. 149. At the time of sentencing, Gourdine's U.S. Sentencing Guidelines range of imprisonment was 235 to 293 months; due to the statutory maximum penalty in his case, however, the high end of the Guidelines range

AO 72A
(Rev. 8/82)

was 240 months.  See Dkt. No. 184 at 68. The Court sentenced Gourdine below the applicable Guidelines range to 225 months' imprisonment.  Id. at 69-70.

Thereafter, the United States Sentencing Commission retroactively amended the Sentencing Guidelines to provide for a lower advisory range for Gourdine's—and many other drug offenders'—offense.  See U.S.S.G., App. C, Amendments 750, 782, 789. As a result of those Amendments, Gourdine's Guidelines range of imprisonment was reduced to 188 to 235 months. Subsequently, in February 2015, this Court granted Gourdine's 18 U.S.C. § 3582 motion and reduced his sentence from 225 months to 215 months. Dkt. No. 328. Because the sentence of 215 months was within the newly applicable range of imprisonment, Gourdine's sentence was no longer considered a variance.

With regard to the Court's Order on Gourdine's § 3582(c)(2) motion, the Eleventh Circuit Court of Appeals affirmed the 215 months' imprisonment but remanded with instructions for the Court to make findings regarding the factors set forth in 18 U.S.C. § 3553(a).  Dkt. No. 323.  On October 8, 2015, Gourdine's imprisonment sentence of 215 months was re-imposed and findings were made by the Court as instructed by the Court of Appeals. Dkt. No. 328.

In July 2016, Gourdine filed another 18 U.S.C. § 3582(c)(2) motion for a further reduction premised on the Fair Sentencing Act

2

and Amendments 742 and 750 of the Sentencing Guidelines. Dkt. No. 362. The Honorable Dudley H. Bowen, Jr. denied the motion on November 4, 2016. Dkt. No. 364. Gourdine's appeal of that decision was dismissed by the Court of Appeals for failure to prosecute. Dkt. Nos. 366, 373.

On August 13, 2018, Gourdine filed another motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Dkt. No. 376. The motion requested that the Court issue a "full grant" in his case, i.e. a reduction of his sentence to the low end of his applicable Guidelines range, 188 to 235 months. Id. The Court denied the motion. Gourdine appealed, and the Court of Appeals dismissed it for want of prosecution. Dkt. No. 385.

On January 11, 2019, Gourdine filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Dkt. No. 392. On February 11, 2019, the Court denied the motion, concluding that Gourdine is not eligible for any reduction to his sentence because his advisory guideline range does not change as a result of any guideline amendment or passage of law. Dkt. No. 396. Gourdine appealed, dkt. no. 397, and the Court of Appeals ultimately dismissed the appeal for want of prosecution, dkt. nos. 401, 402.

## DISCUSSION

Gourdine now moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a). Gourdine's motion is primarily based on the COVID-19 pandemic and his assertion of

danger to his health. As the Government notes, Gourdine has admitted that he has not exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Gourdine has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Gourdine's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record ... indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))). Furthermore, Gourdine's assertion that the administrative exhaustion requirement is "futile" during the present pandemic is not persuasive. There is no futility exception to § 3582(c)(1)(A)'s administrative exhaustion requirement, and the Court declines to invent one.

Accordingly, Gourdine's motion, dkt. no. 404, is **DISMISSED**.

4

AO 72A
(Rev. 8/82)

**SO ORDERED**, this 6th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA