
FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 11:53 am, Jul 13, 2020

# United States District Court
# for the Southern District of Georgia
# Statesboro Division

UNITED STATES OF AMERICA,

v.

KEVIN LAMONT GOURDINE,

    Defendant.

CR 610-001

### ORDER and INDICATIVE ORDER

Before the Court is Defendant Kevin Gourdine's renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), dkt. no. 410, as well as his motion for leave to appeal *in forma pauperis*, dkt no. 411, motion for copies, dkt. no. 412, and motion to supplement his motion for compassionate release, dkt. no. 414.

### BACKGROUND

Gourdine pleaded guilty to conspiracy to possess with intent to distribute and to distribute fifty kilograms or more of marijuana, in violation of 21 U.S.C. § 846. Dkt. Nos. 106, 155. The Honorable B. Avant Edenfield sentenced Gourdine to 225 months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 149. At the time of sentencing, Gourdine's U.S. Sentencing Guidelines range of imprisonment was 235 to 293 months; due to the statutory maximum penalty in his case, however, the high end of the Guidelines range was 240 months. See Dkt. No. 184 at 68.

The Court sentenced Gourdine below the applicable Guidelines range to 225 months' imprisonment. Id. at 69-70.

Thereafter, the United States Sentencing Commission retroactively amended the Sentencing Guidelines to provide for a lower advisory range for Gourdine's—and many other drug offenders'—offense. See U.S.S.G., App. C, Amendments 750, 782, 789. As a result of those Amendments, Gourdine's Guidelines range of imprisonment was reduced to 188 to 235 months. Subsequently, in February 2015, this Court granted Gourdine's 18 U.S.C. § 3582 motion and reduced his sentence from 225 months to 215 months. Dkt. No. 328. Because the sentence of 215 months was within the newly applicable range of imprisonment, Gourdine's sentence was no longer considered a variance.

With regard to the Court's Order on Gourdine's § 3582(c)(2) motion, the Eleventh Circuit Court of Appeals affirmed the 215 months' imprisonment but remanded with instructions for the Court to make findings regarding the factors set forth in 18 U.S.C. § 3553(a). Dkt. No. 323. On October 8, 2015, Gourdine's imprisonment sentence of 215 months was re-imposed and findings were made by the Court as instructed by the Court of Appeals. Dkt. No. 328.

In July 2016, Gourdine filed another 18 U.S.C. § 3582(c)(2) motion for a further reduction premised on the Fair Sentencing Act and Amendments 742 and 750 of the Sentencing Guidelines.

Dkt. No. 362.  The Honorable Dudley H. Bowen, Jr. denied the motion on November 4, 2016.  Dkt. No. 364.  Gourdine's appeal of that decision was dismissed by the Court of Appeals for failure to prosecute.  Dkt. Nos. 366, 373.

On August 13, 2018, Gourdine filed another motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  Dkt. No. 376.  The motion requested that the Court issue a "full grant" in his case, i.e. a reduction of his sentence to the low end of his applicable Guidelines range, 188 to 235 months.  Id. The Court denied the motion.  Gourdine appealed, and the Court of Appeals dismissed it for want of prosecution.  Dkt. No. 385.

On January 11, 2019, Gourdine filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Dkt. No. 392.  On February 11, 2019, the Court denied the motion, concluding that Gourdine is not eligible for any reduction to his sentence because his advisory guideline range does not change as a result of any guideline amendment or passage of law.  Dkt. No. 396. Gourdine appealed, dkt. no. 397, and the Court of Appeals ultimately dismissed the appeal for want of prosecution, dkt. nos. 401, 402.  In April 2020, Gourdine moved the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a). Dkt. No. 404.  The Court dismissed his motion, concluding that it lacked jurisdiction to consider the motion because Gourdine had not exhausted his administrative remedies with the BOP.

Dkt. No. 406. Gourdine then filed a Notice of Appeal with the Eleventh Circuit Court of Appeals, dkt. no. 407, and that appeal is still pending. Gourdine has now filed a renewed motion for compassionate release, dkt. no. 410, supplements thereto, dkt. nos. 414, 421, a motion for copies, dkt. no. 412, and a motion for leave to appeal *in forma pauperis*, dkt. no. 411. His mother has also written a letter on his behalf. Dkt. No. 415.

## JURISDICTION

In general, the filing of a notice of appeal divests the district court of jurisdiction "over those aspects of the case involved in the appeal." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 n.14 (11th Cir. 2010). "The general rule regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999). Here, Gourdine's second motion for compassionate release involves the same aspect of the case as involved in his appeal—that is, a challenge to the length of his sentence (particularly, in both motions he requested compassionate release based on his medical conditions and COVID-19). Because the appeal of Gourdine's first motion for compassionate release remains pending before the Eleventh Circuit, this Court is without jurisdiction to consider his second motion for compassionate release. See, e.g., United

4

States v. Campbell, — F. Supp. 3d —, No. 6:06-CR-06105, 2020 WL 1958486, at *2 (W.D.N.Y. Apr. 21, 2020) ("Defendant[, in his motion for compassionate release,] is seeking a substantive modification to his sentence and this Court lacks the jurisdiction to grant this relief because of Defendant's pending appeal."). Yet, under Federal Rule of Criminal Procedure 37, this Court may still issue an indicative ruling in circumstances such as this. See Campbell, 2020 WL 1958486, at *2; United States v. Martin, No. 18-834, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

> Rule 37 provides:
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> > (1) defer considering the motion;
> >
> > (2) deny the motion; or
> >
> > (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The committee notes to Rule 37 explain, "In the criminal context, the Committee anticipates that Criminal Rule 37 will be used primarily if not exclusively for . . . motions under 18 U.S.C. § 3582(c)." See 18 U.S.C. § 3582 (committee notes on rules—211 Amendment). "[T]his rule allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal." Martin, 2020 WL 1819961, at *2.

5

Thus, while the Court does not have jurisdiction to consider Gourdine's second compassionate release motion because of his pending appeal, the Court will issue an indicative ruling thereon pursuant to Rule 37.

## LEGAL AUTHORITY

Gourdine now renews his motion for compassionate relief under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018. That statute reads, in pertinent part:

> (c) Modification of an imposed term of imprisonment.—
> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>>> (i) extraordinary and compelling reasons warrant such a reduction;
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison,

>   pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In application note 1 to the Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. See United States v. Wilkes, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant.—
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with

an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

>>(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>>(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Before a prisoner can file a motion with the Court under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A).

## DISCUSSION

### I. Gourdine's Motion to Supplement

Gourdine's motion to supplement his renewed motion for compassionate release, dkt. no. 414, is **GRANTED**.

### II. Gourdine's Motion for Copies

9

Gourdine's motion for copies, dkt. no. 412, is **GRANTED**. The Clerk is **DIRECTED** to send Gourdine a copy of his motion, dkt. no. 410, as well as his supplement thereto, dkt. no. 414.

### III. Gourdine's Motion for Leave to Appeal *In Forma Pauperis*

Gourdine's reduction-in-sentence ("RIS") request to the BOP is dated April 21, 2020. Dkt. No. 418-1. Gourdine's initial motion for compassionate release to this Court is dated April 29, 2020. Dkt. No. 404. As such, Gourdine failed to exhaust his administrative remedies by not waiting the required thirty days to receive a response from the BOP before he filed his motion with this Court. The Court therefore **AFFIRMS** its previous Order dismissing his motion for lack of jurisdiction. Dkt. No. 406.

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when it seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Whitted v. Roberts, Case No. 06-CV-776-KDB, 2010 WL 2025391, at *1 (S.D. Ala. Apr. 27, 2010). A claim or argument is frivolous when it appears the factual allegations

10

are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted).

For the reasons set forth in this Order and the Court's May 6, 2020 Order, the Court concludes Gourdine's appeal is not taken in good faith but, rather, is frivolous. Accordingly, the Court **DENIES** his Motion for Leave to Appeal *in Forma Pauperis*. Dkt. No. 411.

**IV. Gourdine's Renewed Motion for Compassionate Release**

On April 21, 2020, Gourdine submitted to the Warden a RIS request based on compassionate release; Gourdine cited his Type II Diabetes, high blood pressure, and cholesterol as "extraordinary and compelling" reasons in support of his request. Dkt. No. 418-1. Gourdine's RIS request does not rely upon the COVID-19 pandemic as a basis for granting him compassionate release; indeed, Gourdine does not mention COVID-19 at all. See id. In contrast, Gourdine's motion before the

11

Court is largely based on COVID-19 and its danger to his health. See Dkt. Nos. 410, 414, 421. Gourdine cannot seek review of the BOP's failure to act on claims which he did not include in the RIS request, particularly because the BOP may consider single factors or a combination of factors when making compassionate release determinations, but also because to do so would mean bypassing the administrative remedy process. See 18 U.S.C. § 3582(c); § 1B1.13 Policy Statement (listing medical condition, age, family condition, and other reasons, or a combination of same, as possible bases for "extraordinary and compelling reasons" warranting compassionate release); see also United States v. Valenta, No. CR 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) ("To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing." (citing Gadra-Lord v. Doe, 736 F. App'x 30, 32 (3d Cir. 2018))).

The Court finds, at minimum, that Gourdine has not exhausted his administrative remedies with regard to his COVID-19 claim. The Court also finds that Gourdine has not exhausted his administrative remedies with regard to the other reasons cited in support of his motion for compassionate release, i.e. his health conditions. In order to exhaust his administrative remedies, Gourdine must continue to participate in the administrative process until it is complete; here, that

means at least filing an appeal with the Regional Director and waiting the requisite time for a response.  Indeed, the Warden's denial of Gourdine's RIS informs him:  "If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response." Gourdine has not indicated that he has done so or that the appellate procedure was unavailable to him.  Accordingly, the Court again **DISMISSES** Gourdine's renewed motion for compassionate release, dkt. no. 410.

Alternatively, while the Court concludes that Gourdine has not exhausted his administrative remedies with regard to the bases he asserts in his April 21, 2020 RIS request, out of an abundance of caution, it will address the merits of Gourdine's motion for compassionate release with regard to the bases he cites therein.  After consideration of Gourdine's cited reasons, i.e. his health conditions, the Court finds that no extraordinary and compelling reasons exist to grant Gourdine's request.  Nothing in his medical records indicates that he is suffering from a terminal illness or that his medical conditions "substantially diminish[ his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."  Gourdine is thirty-eight

13

years old and does not qualify under the age consideration, and he has presented the Court with no family circumstances or other reasons to justify compassionate release. Accordingly, if the Court were to reach the merits of Gourdine's renewed motion for compassionate release, the Court **DENIES** it.

## CONCLUSION

This being an Indicative Order due to Gourdine's pending appeal, should the Eleventh Circuit Court of Appeals remand the case to this Court, the Court would Order as follows: Gourdine's motion to supplement his renewed motion for compassionate release, dkt. no. 414, is **GRANTED**. Gourdine's motion for copies, dkt. no. 412, is **GRANTED**. The Clerk is **DIRECTED** to send Gourdine a copy of his motion, dkt. no. 410, as well as his supplement thereto, dkt. no. 414. Gourdine's renewed motion for compassionate release, dkt. no. 410, is **DISMISSED** for lack of jurisdiction. Alternatively, Gourdine's renewed motion for compassionate release is **DENIED**.

Notwithstanding the Court's indicative rulings, Gourdine's motion for leave to appeal *in forma pauperis*, dkt. no. 411, is **DENIED**.

**SO ORDERED**, this 13th day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA